EASTERN DIS.
*April*, 1834.

MINOUE ET AL.
*vs.*
THIBODEAUX'S
WIDOW ET AL.

MINOUE ET AL. *vs.* THIBODEAUX'S WIDOW ET AL.

APPEAL FROM THE COURT OF THE SECOND DISTRICT, THE JUDGE THEREOF PRESIDING.

Of all questions, there is perhaps none on which the verdict of a jury is entitled to more weight, than that which relates to the value of waste land in the parish.

On the 19th day of December, 1826, the plaintiffs sold by public act, to Henry S. Thibodeaux, in consideration of two hundred dollars paid by him, all their right and title to a lot confirmed under the act of Congress, situated on bayou Terre Bonne, containing six hundred and forty acres, and marked number four hundred and nineteen, and to Alexis Le Jeune nineteen arpents in front, on said bayou, in Le Jeune's possession, the title to which has also been confirmed, and which is one-half of the lot numbered six hundred and sixteen.

The plaintiffs brought their action in September, 1828, and sought to set aside this sale, on the ground of error, fraud and lesion. They also claimed five hundred dollars, as damages for the use and occupation by the defendants.

The widow of the vendee pleaded the general denial. Alexis Le Jeune, averred that he and Pierre Minoué, the father of one of the plaintiffs, purchased the title to the tract of land from Jean Dupré; that this land was afterwards confirmed in the name of Pierre Minoué, the son, by agreement between his father and Le Jeune; that immediately after the sale from Dupré, Minoué, père and respondent, divided the land, the former taking possession of the upper twenty arpents front of said land, and the latter of the lower twenty arpents; Le Jeune had since retained possession of his share. He also alleged that at a meeting of the heirs and representatives of Minoué, père, on the 16th day of June, 1823, Thibodeax then being present, he (Thibodeaux) concurred with the others in the passage of an act by which Le Jeune's title to the lower half of said tract was expressly recognised and confirmed. He added the general denial.

EASTERN DIS.
*April*, 1834.

MINOUE ET AL.
*vs.*
THIBODEAUX'S
WIDOW ET AL.

The defendants amended their answers, by pleading title in themselves by prescription.

The cause was submitted to a jury who could not agree on a verdict.

On the second trial the testimony taken on the first, was by consent admitted, subject to legal exceptions.

The plaintiffs gave in evidence the act of sale of the lands in question, the certificates of confirmation, the surveys, dated 18th June, 1826, and the testimony of Legendre taken under a commission, with the exception of his answers to the fifth, sixth, seventh and eighth interrogatories, tending to prove the execution of the said act of sale through fraud and error, induced by the defendants, to the rejection of which answers by the judge *a quo*, the plaintiffs excepted. The only objection at the trial to this testimony of Legendre's, was that it could not contradict the act.

*Legendre* was a witness to the execution of the act, proved it was read before signing; that it was passed at the house of vendee; that the sale was made by Madame Minoué of a tract of land, of which he did not remember the measurement, for the sum of two hundred dollars. Witness is the nephew of Madam Minoué, and the curator of her three children.

*Cazeaux* swore that lot number four hundred and nineteen was worth in 1826, two thousand dollars, and half of number six hundred and sixteen, was then worth one thousand dollars, according to his sale of an adjoining tract of the same quality, but with less low land, for five thousand dollars. At auction witness thought number four hundred and nineteen could not have been sold at all in 1826, but its value was five hundred dollars, the other tract was worth about the same sum. Lands on that bayou then sold from two to one hundred dollars the front acre, and were of less value lower on the bayou. Lands were then of no fixed value in the neighborhood. They were sold at every price, some at twenty-five dollars, others at one hundred dollars.

*Roddy* estimated lot number four hundred and nineteen as worth two thousand dollars, the other lot as worth very little, having no cypress. He was not there in 1826.

EASTERN DIS.
*April*, 1834.

MINOUE ET AL.
*vs.*
THIBODEAUX'S
WIDOW ET AL.

*Watkins*, who resided on the bayou, estimated the land worth in 1826 one hundred dollars the front acre, and fifteen dollars the superficial acre. Part of that land sold in 1826 for one hundred dollars an arpent front. There was then no fixed price of lands in the vicinity.

*Delaporte* testified that lands in this vicinity, though their value varied according to quality and location, had then no fixed prices; and that uncleared lands on this bayou might be had at two or two and half a dollars the superficial acre.

*Ellis*, the brother-in-law of one of the defendants, swore that lands were then fluctuating in value on this bayou, and that he sold in that year one thousand acres of as good land as any in the parish, for one thousand two hundred and fifty dollars.

The plaintiffs objected to proof of value of lands, other than those set forth in the petition, and also that lands in the same parish had then no fixed value offered to prove by comparison the value of the lands in dispute. The evidence was admitted, and they excepted.

The defendants had a verdict, and a new trial having been refused, the plaintiffs appealed.

*Nicholls* and *Wheeler*, for plaintiffs and appellants.

1. The court below erred in refusing the evidence of Legendre and others, going to the jury to establish fraud, on the part of the purchasers of the lands in question. *Sopes vs. Griffin's Executor*, 5 *Martin's Rep.* 145. *Croezet's Heirs vs. Gandet*, 6 *ibid.* 524. *Fonque's Syndic vs. Vignaud*, 6 *ibid.* 423. *Terrel's Heirs vs. Croper*, 9 *ibid.* 350.

2. The court erred in permitting evidence to go to the jury, to show the value of other lands in the parish, and that other lands had no fixed value, situated in remote and unsettled parts of the parish, in order to show by comparison the value of the lands in question.

3. The verdict of the jury and judgment of the court below, are contrary to law and evidence, as lesion is clearly

42

established by every witness examined on trial. *La. Cod e*
*arts.* 1854, 1866, *inclusive.*

4. The whole evidence being before this court, there is no necessity for remanding the cause for a new trial.

*J. Porter, contra,* contended as follows.

1. The question for the court to decide, is not one of error or fraud, for there is no evidence of any; but whether there be evidence of lesion sufficient to induce this court to set aside the verdict of a jury, and the judgment of the District Court.

2. The parol evidence introduced by the plaintiffs, would in itself be sufficient to justify in its fullest extent, the finding of the jury; because it is contradictory, and establishes, if any thing, that waste lands, at the time of the sale, in that part of the country, had no fixed value. It is true, witnesses say, that they estimate the land in dispute when sold, at such a sum, as might perhaps be sufficient to establish lesion, were it not that they offer such explanations as reduce their testimony to nothing. Pierre Cazeau, estimates the tract marked A, at two thousand dollars, and the half of tract marked B, at one thousand dollars. On his cross examination, however, he says that he forms this opinion, because he sold a tract of land of the same *quality* for five thousand dollars. The court, however, will remark, that he says nothing about the *quantity* of land contained in the tract he sold. It may have been five times or ten times as large, as both the tracts now sued for, put together. And notwithstanding the *quality* was the same, it leaks out, that it had less low land than the tracts now in dispute. He also declares that lands were then sold at every price, and that there was no fixed value for land in that part of the parish.

3. The attempt to form an estimate of the value of land, with a view to establish lesion, by proving what other persons sold tracts for, in the same neighborhood, is the weakest kind of evidence, and liable to the greatest abuse. It is only

where something like a market price exists, as in case of houses, town lots improved, or plantations under cultivation, that the value of property can be established, under the meaning, and for the purposes contemplated by *articles* 1854 and 1855 of *Civil Code.* Waste lands may sometimes have a determinate value, susceptible of being proved; but clearly, the attempt at such proof has been a total failure here.

4. But if the price at which lands of a like quality sold for at the time, is to be taken as a standard or scale, by which the value of the land in dispute must be measured, then the court will find that lands of as good a quality sold, about that period, at a much lower rate, and consequently such testimony is rebutted and destroyed.

5. Delaporte bought as good lands for two dollars and twenty cents, at seven years credit, on bayou Little Terre Bonne, which may probably be considered as low as the land in dispute. In 1826, Tanner bought land at sixteen cents per acre, which was at least six cents per acre lower than the sale made by plaintiffs to defendants, and a tract of one thousand six hundred acres for three hundred and fifty dollars, which was also some cents lower.

6. The court will also perceive that Madam Minoué, one of the plaintiffs, acknowledged that the land for which the defendant, Alexis Le Jeune, is now sued, was really his property.

7. As regards the testimony of François Legendre, it was property rejected by the court. The commission was directed to the parish judge of Lafourche Interior, and was executed by a justice of the peace.

8. But even supposing it had been legally executed, the judge *a quo*, did not err in rejecting it. The object evidently was under the allegation of fraud, to introduce evidence establishing a set of facts contradictory to the facts established by the bill of sale. Fraud was alledged, and parol evidence might perhaps be legally introduced to prove such fraud; but the witness in his answer to the second interrogatory, discloses a fact, which if answered *viva voce*, in open

EASTERN DIS.
April, 1834.

MINOUE ET AL.
vs.
THIBODEAUX'S
WIDOW ET AL.

court, would have been a sufficient reason for the court to exclude the other questions propounded. It would be strange indeed, if a witness were permitted first to prove that the deed complained of, was read to the parties before signing, and afterwards to prove, that the said parties did not know what they were signing. There is nothing in the testimony of Legendre, even had it been admitted, which would have changed in aught the finding of the jury; nor is there in truth any thing in the cases cited, that has bearing on this point. In cases of this kind, this court has frequently decided, that it is the province of the jury to decide.

Indeed I do not recollect but a single case in which the court granted a new trial, when the verdict of a jury had negatived the charge of fraud. I mean the case of *Brandt* and *Foster's syndics* vs. *Christopher Adams.* But there the evidence was so strong, so irresistable in its character, that the court could not hesitate.

*Nicholls* and *Wheeler*, for plaintiffs and appellants, in reply.

1. The decision of this suit entirely depends on a single fact, viz: was or was not the land sold, worth at the time of sale, more than four hundred dollars. The fact is proven by every witness sworn on the trial; though, as stated by some of the witnesses, that the price of land of that description fluctuated, yet, with all the fluctuations, they all concur in saying the land was worth more than four hundred dollars.

2. The only question, therefore, is as we have stated, what was the *value* of the land? what was it worth? That fact ascertained, the application of the law to the case admits of no difficulty. The appellants contend, that no matter how fluctuating may be the price, no matter how depreciated may be may be the value of such land, that value, once established, is the only test of the existence or non-existence of lesion.

Martin, J., delivered the opinion of the court.

The plaintiffs are appellants from a judgment against them on a claim to have a sale of land set aside, on account of error, fraud and lesion.

Their counsel, who, at first had drawn our attention to two bills of exceptions, have informed us that the decision of this case depends upon a single fact, viz: the value of the land, at the time of the sale. In this view of the case, the counsel for the defendants and appellees has concurred.

The case was submitted to two juries; the first did not agree on a verdict, the second found one against the plaintiffs. The testimony is, in our opinion, somewhat confused and contradictory. The district judge refused to allow a new trial. Of all questions, there is perhaps none on which the verdict of a jury is entitled to more weight, than those which relate to the value of waste land in their parish. It is not suggested that if the case was remanded to a third jury, clearer evidence could be adduced; and though that before us may preponderate in some degree in favor of the plaintiff, yet does not sufficiently do so to justify us in setting the verdict aside.

*Of all questions, there is perhaps none on which the verdict of a jury is entitled to more weight, than that which relates to the value of waste land in the parish.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.